IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LODGY JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01147-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Petitioner Lodgy Jackson's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On February 8, 2013, Petitioner entered a plea of guilty to three counts: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; (2) conspiracy to possess a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o); and (3) possession, brandishing, and discharge of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1). The Court accepted Petitioner's plea, and on December 12, 2013, sentenced Petitioner to a total of 400 months in prison, and a five-year term of supervised release.

In his pro se motion under § 2255, Petitioner claims that trial counsel was ineffective for (1) failing to conduct an adequate pretrial investigation before advising Petitioner to plead guilty; (2) causing Petitioner to unknowingly and involuntarily waive his right to file pretrial motions; (3) neglecting to ensure there was a factual basis for Petitioner's plea to the charged offenses; (4) promising Petitioner that his sentence would

not exceed 360 months' imprisonment; (5) neglecting to ensure that there was specific performance of the plea agreement; and (6) "fail[ing] to object to the Court's justification for refusing to award Petitioner a 3-level decrease in offense level for acceptance of responsibility," ECF No. 5 at 16.[1] Petitioner also claims that (7) appellate counsel was ineffective for failing to advance the above-listed claims on direct appeal. As the record before the Court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts. Petitioner, co-defendant Andreus O'Bryant, and another man agreed to participate in a drug robbery to take place in April 2011. The three men agreed to rob victim Jamie Benson of a half kilogram of cocaine. The men decided that, in order to obtain the cocaine, Benson and anyone who traveled with him would have to be killed.

On April 21, 2011 Benson and two other individuals traveled to St. Louis, Missouri from Houston, Texas for the purpose of selling cocaine in a deal arranged by O'Bryant. At some point after their arrival that day, Benson and his travel companions, as well as Petitioner and his co-conspirators, drove to a rural, wooded area outside of St. Louis, where the sale was to take place. A sudden downpour interrupted the transaction.

---

[1] These claims are set forth in Petitioner's memorandum of law (ECF No. 5) in support of his § 2255 motion.

At some point following the failed transaction, some members of the group drove around the St. Louis metropolitan area in O'Bryant's car into the early morning hours of April 22, 2011. They arrived in an alley in the City of St. Louis. O'Bryant exited the vehicle and entered a nearby residence. At that time, Petitioner shot Benson in the back of the head, killing him, and removed Benson's body from the vehicle. Petitioner then picked up O'Bryant from inside the nearby residence and left the area. Benson's body was discovered in the alley later that morning.

On August 25, 2011, Petitioner was indicted on three counts: 1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; (2) conspiracy to possess a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o); and (3) possession, brandishing, and discharge of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1). Petitioner initially pled not guilty.

Petitioner thereafter requested and obtained multiple extensions of time to file pretrial motions; his counsel, Joseph Hogan, stated that the reason for the requests was to obtain and review discovery provided by the government. *United States v. O'Bryant, et al.*, No. 4:11-CR-351-AGF, ECF Nos. 28 & 37 (E.D. Mo.) ("*O'Bryant*"). On October 18, 2011, Petitioner appeared in person and with Hogan before Magistrate Judge Terry I. Adelman and announced on the record that, understanding his rights in this regard, he wished to waive his right to file pretrial motions. *Id.*, ECF No. 59. Judge Adelman accepted Petitioner's waiver as knowingly and voluntarily made. *Id.*

3

Petitioner's criminal case was initially designated as a death penalty-eligible case. Therefore, on July 12, 2012, the Court appointed Richard Sindel as co-counsel qualified to handle Petitioner's capital case, along with Hogan. However, Sindel's appointment terminated on February 8, 2013, after the government decided not to seek the death penalty. Petitioner executed the plea agreement the same day.

As noted above, Petitioner pled guilty to counts one, two, and three pursuant to the written plea agreement executed on February 8, 2013. Under the plea agreement, the government agreed to recommend a sentence of 360 months' imprisonment. However, the plea agreement stated that this Court "alone will determine whether to accept the [government's] recommendation." *Id.*, ECF No. 157 at ¶ 8(g)(1).

At the change-of-plea hearing held on the day the plea agreement was executed, Petitioner represented to the Court that he had read, discussed with his attorney, Hogan, and understood the terms of the plea agreement, and that he was guilty of the crimes to which he was pleading guilty. He further confirmed that he was satisfied with the representation he received from his attorney, and that there was nothing he wanted his attorney to do for him that the attorney had not done in representing Petitioner. *Id.*, ECF No. 214 at 8, 11-12.

The Court also explained to Petitioner that the Court did not have to impose the parties' recommended sentence. Petitioner confirmed that he understood "that the decision whether or not to accept that recommendation at sentencing would be totally up to [the Court]"; that "the mere fact that the parties are recommending that doesn't mean [the Court is] going to go along with it"; that the United States Sentencing Guidelines

("Guidelines") were advisory; that the Court was free to sentence Petitioner above or below the Guidelines range; and that Petitioner might be considered an armed career criminal, which would mean a higher total offense level and a higher criminal history category under the Guidelines. *Id.* at 16-27. The Court stated that it needed to make "very clear" to Petitioner, and Petitioner represented that he understood, that if anyone had made a promise to Petitioner as to a particular sentence, that was a promise the person could not keep. *Id.* at 23. The Court explained:

> Court: Now, do you understand, sir, that I don't have to follow any of the guidelines recommendations contained in this plea agreement?
>
> Petitioner: Yes.
>
> Court: And do you understand, sir, that if I do not [follow] the guideline agreements contained in this document, you're still going to be stuck with your plea and you're not going to be able to withdraw your plea just because I didn't follow the recommendations contained in this plea agreement?
>
> Petitioner: Yes, ma'am.

*Id.* at 27.

The Court then ascertained the factual basis for the guilty plea and found that the plea was knowing, intelligent, and voluntary. *Id.* at 41-43.

Thereafter, Petitioner filed, and then withdrew, multiple pro se motions to set aside his guilty plea. The first motion was filed by Petitioner, pro se, on August 5, 2013, followed by a pro se motion for appointment of new counsel dated August 14, 2013. *Id.* ECF Nos. 194 & 196. At a hearing on these motions held on August 19, 2013, at which Petitioner appeared in person and with Hogan, Petitioner represented that, after speaking with Hogan, Petitioner wished to withdraw his motions for a new attorney and to set

5

aside his guilty plea. Petitioner represented that he was in fact satisfied with Hogan's representation; that there were no questions he had that Hogan had not answered and nothing he had asked Hogan to do that counsel had not done; and that Petitioner wished to go forward with the plea agreement. *Id.*, ECF No. 232 at 5-7. The Court accepted Petitioner's withdrawal of his motions as knowing and voluntary, and ordered both motions withdrawn. *Id.*, ECF No. 197.

Petitioner filed a second pro se motion on September 6, 2013, stating he had been coerced into withdrawing his motion to set aside his plea and requesting new counsel. *Id.*, ECF No. 203. On September 19, 2013, the Court held a hearing on this motion at which Petitioner appeared in person and with Hogan. Following that hearing, the Court gave Petitioner nearly a month, until October 10, 2013, to notify the Court if he retained new counsel, after which time the Court would decide whether appointment of new counsel was necessary. The Court reserved ruling on Petitioner's motion to set aside his guilty plea until the issue of representation was resolved. *Id.*, ECF No. 210.

Following a status conference held on October 17, 2013, the Court allowed Hogan to withdraw his appearance on behalf of Petitioner, and the Court appointed new counsel, Levell Litteton, to represent Petitioner. *Id.*, ECF Nos. 223 & 224. In addition to Littleton, the Court re-appointed Sindel, for a limited period of time, until December 6, 2013, to assist Littleton with respect to the prior proceedings and in counseling Petitioner with respect to Petitioner's motion to set aside his guilty plea. *Id.*, ECF No. 224, 227 & 233. Petitioner did not file any further motions in his criminal case with respect to Littleton's or Sindel's representation.

On December 12, 2013,[2] the Court held a hearing on Petitioner's second pro se motion to set aside his guilty plea, at which Petitioner appeared in person and with Littleton. Petitioner represented that he was satisfied with the representation that both Littleton and Sindel provided; that there was nothing he wanted these attorneys to do that they did not do; that they answered all of his questions; that he had a full opportunity to discuss with both Littleton and Sindel whether he wished to go forward with his motion to set aside his guilty plea; and that no one had threatened or coerced him into withdrawing his motion to set aside his guilty plea. The Court repeatedly advised Petitioner that if he wanted to go forward with his motion to set aside his guilty plea, then the Court would set a hearing and determine whether it was appropriate to set aside his guilty plea. Petitioner stated that he wished to withdraw his motion to set aside his guilty plea and that he wished to honor and proceed with the February 8, 2013, guilty plea pursuant to the plea agreement signed by him. *Id.*, ECF No. 292 at 3-6, 8. Petitioner also confirmed that he had no questions about the decision he was making. *Id.* at 6. The Court found that Petitioner knowingly and voluntarily withdrew his motion to set aside his guilty plea, and ordered the motion withdrawn. *Id.* at 8.

The Court then proceeded with the sentencing. Under the Guidelines, Petitioner's final sentencing range was 480 months' imprisonment to life. This range included a three-point reduction in offense level based upon Petitioner's acceptance of responsibility and timely notifying the government of his intent to enter into a plea. *Id.* at 16-17.

---

[2]   December 12, 2013, was the date scheduled for sentencing, but the Court first addressed whether Petitioner wished to go forward with the motion to set aside his plea.

7

Petitioner requested a 240-month sentence. The government recommended a 360-month sentence. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court imposed a sentence of 400 months' imprisonment: a 280-month sentence on count one, a concurrent 240-month sentence on count two, and a consecutive 120-month sentence on count three. The aggregate term of 400 months' imprisonment was greater than the government's recommendation but still below the applicable Guidelines range.

In explaining the reasons for its sentence, the Court noted the seriousness of the offenses, and further noted:

> [W]hile I am willing to depart downward to give effect to the Government's agreement, I continue to struggle with the fact that at the time of the defendant's plea, I observed a level of acceptance of responsibility that I have not seen since. And I think that there are still significant issues . . . with respect to Mr. Jackson's acceptance of responsibility here, and realizing the impact of these actions, the [e]ffect it has had on people's lives and I frankly do not see remorse for anyone other than Mr. Jackson.

*Id.* at 34.

**Motion to Vacate**

As noted above, Petitioner asserts six claims of ineffective assistance of trial counsel, and a single claim of ineffective assistance of appellate counsel. First, Petitioner asserts that trial counsel failed to conduct an adequate pretrial investigation before advising Petitioner to plead guilty. Specifically, Petitioner contends that trial counsel (a) failed to consult with Petitioner regarding a "potential defense"[3]; (b) failed to hire an expert to conduct biological or ballistic testing, or to provide assistance with respect to

---

[3] Petitioner does not identify or further describe the defense.

mitigating factors, such as Petitioner's background, history, and characteristics; (c) failed to locate or interview witnesses whom Petitioner believed could offer exculpatory evidence; (d) failed to adequately investigate Petitioner's criminal history background; (e) failed to locate or interview the government's witnesses; (f) inadequately responded to Petitioner's requests for copies of police reports or other government discovery; (g) insisted that Petitioner plead guilty without adequate consultation; (h) failed to convey a counter plea offer that Petitioner wished to submit to the government; and (i) accepted the government's version of the facts as true without adequate investigation.

Second, Petitioner contends that trial counsel caused Petitioner to unknowingly and involuntarily waive his right to file pretrial motions by failing to conduct adequate pretrial discovery and by failing to take sufficient time to decide whether to waive pretrial motions.

Third, Petitioner asserts that trial counsel neglected to ensure that there was a factual basis for Petitioner's plea. Specifically, Petitioner contends that counsel (a) told Petitioner that he would get the death penalty if he went to trial, without determining the factual basis of the plea agreement; (b) failed to explore other plea possibilities; (c) erroneously informed Petitioner that he could not withdraw his plea; (d) told Petitioner that he should plead guilty because counsel had not timely prepared for trial; (e) failed to explain the mens rea element of the charged offenses; and (f) failed to research and discuss with Petitioner relevant law prior to advising Petitioner to plead guilty.

Fourth, Petitioner contends that trial counsel promised Petitioner his sentence would not exceed 360 months' imprisonment, and when the Court imposed a sentence of

400 months' imprisonment, counsel failed to object.  Petitioner further asserts that counsel failed to adequately research the law and prepare for sentencing in this regard.

Fifth, Petitioner asserts that trial counsel neglected to ensure that there was specific performance of the plea agreement by ensuring that Petitioner's sentence did not exceed 360 months' imprisonment.

Sixth, Petitioner asserts that trial counsel failed to request a three-point decrease in offense level based upon Petitioner's acceptance of responsibility.

Finally, Petitioner contends that appellate counsel was ineffective for failing to advance the six claims listed on direct appeal and otherwise failing to thoroughly advise and involve Petitioner throughout the appeal process.

The government responds that each of Petitioner's claims is without merit.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  A petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal.  *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

 "To establish ineffective assistance during plea negotiations, the petitioner must show 'counsel's representation fell below an objective standard of reasonableness' and 'that such deficient performance prejudiced' the defense."  *Davis v. United States*, 858

10

F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Prejudice in this context requires the petitioner to show that "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States*, No. 18-1858, 2019 WL 3143874, at *2 (8th Cir. July 16, 2019) (citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). "Instead, judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

**Pretrial Investigation (Claim 1)**

Each of Petitioner's assertions under Claim 1 is conclusory or plainly contradicted by the record. Petitioner does not explain (a) what "potential defense" he could have offered to the charges; (b) what relevant and favorable information a biological, ballistic, or other expert could have provided; (c) who the purported exculpatory witnesses were or what testimony they could have provided; (d) what a more extensive investigation of Petitioner's criminal history would have revealed; (e) which government witnesses counsel should have interviewed and what information they would have provided; (f) what further review or requests for government discovery would have shown; (g) how

11

additional consultation with plea counsel would have affected Petitioner's decision to plead guilty; (h) what Petitioner's purported counter plea offer entailed or why the government would have accepted such an offer; or (i) what additional relevant evidence his counsel should have located that would have contradicted the government's evidence or otherwise altered the course of the case. Petitioner's conclusory allegations are simply insufficient to prove an ineffective assistance of counsel claim. *See, e.g.*, Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001).

Moreover, Petitioner's claims are contradicted by his repeated representations to the Court during the plea-taking that he was satisfied with his counsel's representation; that there were no questions he had that his counsel had not answered; that there was nothing he asked his counsel to do that counsel had not done; that he had read, discussed with his attorneys, and understood the terms of the plea agreement; and that he was guilty of the crimes to which he was pleading guilty. Finally, Petitioner has not established prejudice because he has not demonstrated a reasonable probability that, but for counsel's purportedly inadequate pretrial investigation, he would have insisted on going to trial.

**Waiver of Pretrial Motions (Claim 2)**

Petitioner's Claim 2 is likewise conclusory and without merit. Petitioner has not explained what pretrial discovery he believes should have been sought or what pretrial motions filed, or how such discovery or motions would have affected Petitioner's decision to plead guilty, so as to demonstrate prejudice. Moreover, as with Claim 1, Claim 2 is contradicted by Petitioner's representations at the time of his waiver of motions and during the plea colloquy that he was satisfied with his counsel.

**Factual Basis for Plea (Claim 3)**

With respect to Claim 3, the Eighth Circuit has held that an attorney's representation does not fall below an objective standard of reasonableness when he determines that there is a factual basis for a plea based on the government's summarization of the plea agreement, the language of the plea agreement itself, and the criminal defendant's colloquy with the district court during the plea-taking process. *See, e.g., Meza-Lopez*, No. 18-1858, 2019 WL 3143874, at *3. That is the case here. Moreover, Petitioner's claims are again contradicted by his representations during the plea colloquy that his attorney fully explained the charges and the plea agreement's terms, and that he was guilty of the crimes charged.[4] And Petitioner has likewise failed to demonstrate prejudice.

**Promised Sentence (Claims 4 & 5)**

The record also plainly contradicts Petitioner's assertions in Claims 4 and 5 that he was promised a particular sentence. Petitioner confirmed in several instances before pleading guilty that he understood that he could not be promised a particular sentence; that his sentence was completely up to the Court, and the Court was not required to adopt the parties' recommendations; and that he could be sentenced above or below the Guidelines range. *See, e.g., United States v. Payton*, 260 F.3d 898, 900 (8th Cir. 2001)

---

[4] Petitioner's assertion that counsel erroneously informed him that he could not withdraw his plea is further contradicted by his multiple attempts to do just that and the Court's repeated advice to Petitioner that if he wished to withdraw his plea, the Court would schedule a hearing on that motion. Petitioner also represented at the hearings on those motions that, after consultation with his attorneys with whom he was satisfied, he no longer wished to set aside his guilty plea.

(rejecting a similar ineffective assistance of plea counsel claim based on the defendant's confirmation during the plea colloquy that he understood there were no guarantees he would earn a downward departure).

**Reduction in Offense Level Based on Acceptance of Responsibility (Claim 6)**

It is not clear what Petitioner is asserting in Claim 6 because, as noted above, Petitioner did in fact receive a three-point reduction in offense level based on his acceptance of responsibility, and the sentence imposed was below the Guidelines range. As such, Claim 6 is without merit.

**Direct Appeal (Claim 7)**

Petitioner's claim that direct appeal counsel was ineffective for failing to raise the foregoing ineffective assistance of counsel claims on direct appeal is without merit, as ineffective assistance of counsel claims are generally raised for the first time in a § 2255 motion, rather than on direct appeal. *E.g.*, *United States v. Coleman*, 603 F.3d 496, 500 (8th Cir. 2010). To the extent Petitioner attempts to assert additional arguments in support of this claim, they are denied as conclusory and without merit.[5]

---

[5] For example, Petitioner asserts, without any further explanation, that direct appeal counsel failed to "thoroughly advise petitioner of rights concerning appeal; (2) thoroughly advise petitioner of rights concerning appeal; (3) allow petitioner to take an active role in development of legal claims for argument in appellant's brief; ( 4) send petitioner a copy of the court file; (5) anticipate future developments in the law regarding use of the residual clause of § 924( c) and enhancement of petitioner's sentence; ( 6) argue ineffectiveness claims of trial counsel for which record was developed; and, (7) discuss merits of appeal or to otherwise advise or consult petitioner." ECF No. 5 at 16-17.

**Evidentiary Hearing**

As noted above, an evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 USC § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (holding that a district court may forego holding an evidentiary hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Lodgy Jackson's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2019.